UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

OFFICE AND PROFESSIONAL EMPLOYEES
INTERNATIONAL UNION, LOCAL NO. 428

CIVIL ACTION

VERSUS

NO. 09-348-JJB-DLD

B.R. WATER WORKS COMPANY & PARISH
WATER COMPANY, INC.

## **RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on defendants', Baton Rouge Water Works Company and Parish Water Company, Inc. (collectively "BRWW"), motion for summary judgment.  (Doc. 14.)  Plaintiff, Office and Professional Employees International Union, Local No. 428 ("the Union"), filed an opposition.  (Doc. 18.) This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  After careful review of the parties' submissions, the Court DENIES BRWW's motion (doc. 14) for the reasons discussed herein.

## **Background**

The Union and BRWW are parties to a collective bargaining agreement ("CBA") covering wages, hours, and working conditions for union members working at BRWW's Baton Rouge, Louisiana, facility.  The CBA contains a provision establishing procedures for resolving grievances and for arbitration. This suit arose out of BRWW's decisions to suspend and ultimately terminate ten union employees in July and August 2008.  The parties dispute the post-

1

termination sequence of events. BRWW alleges that the Union failed to follow CBA requirements for filing a grievance and for requesting arbitration. The Union counters that it engaged BRWW's representative several times regarding settling the grievances and alternatively pursuing arbitration, and in each instance BRWW told the Union to wait until the insurance company completed its investigation before pursuing any remedy. Either way, to compel arbitration of their grievances, the Union filed this suit, under the Labor Management Relations Act § 301(a),[1] on June 8, 2009.

## Summary Judgment

Summary judgment is appropriate when the pleadings, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Although the Court considers any disputed or unsettled facts in the light most favorable to plaintiff, plaintiff may not merely rest on allegations set forth in its pleadings. Instead, plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy plaintiff's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once plaintiff has been given the opportunity to raise a

---

[1] 29 U.S.C. § 185(a).

genuine factual issue, no reasonable juror could find for the plaintiff, summary judgment will be granted.  *See Celotex*, 477 U.S. at 322; *see also* Fed. R. Civ. P. 56(c).

## Law and Argument

BRWW alleges that the Union's suit to compel arbitration should be dismissed because it is untimely brought.   "[A]n action to compel arbitration of a collective bargaining agreement under section 301 of the Labor Management Relations Act is governed by the six-month limitation included in section 10(b) of the National Labor Relations Act."  *Aluminum, Brick and Glassworkers Intern. Union Local 674 v. A.P. Green Refractories, Inc.*, 895 F.2d 1053, 1055 (5th Cir. 1990).  A suit to compel arbitration accrues when one party clearly refuses to arbitrate the dispute.  *Id.*

BRWW alleges that it informed the Union of its final decision not to arbitrate the grievances or consider them further on September 26, 2008. BRWW alleges that it reiterated this decision on October 8, 2008, and again on October 14, 2008.  Thus, under BRWW's timeline, to avoid prescription the Union must have filed its suit to compel artibration by March 26, 2009, or, at the latest, April 14, 2009.  Because the Union filed this motion to compel arbitration on June 8, 2009, BRWW argues that the action is time-barred.  BRWW also alleges that the Union did not timely file the grievances under the CBA's guidelines.

The Union counters by alleging that the prescription clock never began to run because BRWW never notified the Union about a final decision to deny the grievances on their merits or to deny arbitration.  Moreover, the union correctly asserts that the issue of whether the grievances were timely filed is for the arbitrator to determine.   *See Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84 (2002).

Thus, taking all factual allegations as true, a genuine dispute exists regarding the timing and communication to the Union of BRWW's final decision not to arbitrate.  Because notification of a final decision is material to the accrual period in a motion to compel arbitration, BRWW's motion to dismiss must be denied.

## Conclusion

Because the parties raise a genuine issue of fact regarding the timeliness of the Union's motion to compel arbitration, BRWW's motion for summary judgment (doc. 14) is DENIED.

Signed in Baton Rouge, Louisiana, on June 25, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**